June 18, 2002.

**UNITED STATES of America**

v.

**Jerald P. ROMINE, Appellant**

No. 01–4233.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 7, 2002.

Filed June 18, 2002.

584

Before NYGAARD, BARRY, and MAGILL, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Appellant Jerald P. Romine pleaded guilty to a two-count Information charging him with securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b–5 and filing a false tax return in violation of 26 U.S.C. § 7206(1). The District Court sentenced Romine to 27 months of imprisonment and three years of supervised release, assessed a $150 fine, and ordered him to pay restitution in the amount of $500,000 to UBS PaineWebber, Inc. ("PaineWebber") and Van Dyk Health Care, Inc. ("Van Dyk"). Romine appeals that portion of his sentence ordering him to pay restitution, although he does not contest the amount of restitution ordered if restitution otherwise appropriate. We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

Romine argues that the District Court incorrectly determined that PaineWebber and Van Dyk were "substitute victims" within the meaning of 18 U.S.C. §§ 3663A and 3664. His argument fails. Under 18 U.S.C. § 3663A(a), a criminal defendant is required to pay restitution to the victim of his or her crime. Where a victim receives compensation from insurance "or any other source" for the loss, restitution shall be paid to the person who compensated the victim. 18 U.S.C. § 3664(j)(1). That is precisely what we have here. The victims of Romine's crimes have been fully compensated by PaineWebber and Van Dyk. As such, Romine is required to pay restitution to those companies.

Romine counters that PaineWebber and Van Dyk are joint tortfeasors by virtue of a civil settlement with the victims and, thus, ineligible to receive restitution. In support of his argument, Romine relies on *United States v. Shepard*, 269 F.3d 884 (7th Cir.2001), and urges us to adopt the Seventh Circuit's analysis. We find Shepard wholly inapposite. In *Shepard*, the Seventh Circuit discussed only the amount of restitution due a third-party payer and not the underlying obligation to pay restitution under § 3664(j)(1); indeed, *Shepard* does not even mention that section of the Act much less any notion of "substitute victim." 269 F.3d at 885. Because *Shepard* does not stand for the proposition that the language in 18 U.S.C. § 3664(j)(1) bars restitution to a person who is or may be a joint tortfeasor, and our research has disclosed no case which does, Paine Webber and Van Dyk are permissible "other source[s]" within the meaning of § 3664(j)(1).

In a final attack on the District Court's restitution order, Romine contends that the $500,000 loss constitutes consequential damages. Romine, however, stipulated in his plea agreement that the victims' direct loss equaled between $350,000 and $500,000. This amount, and more, was paid to the victims by PaineWebber and Van Dyk. The fact that Romine must now pay $500,000 to the companies and not to the individual victims does not transform this direct loss into consequential damages.

In sum, the District Court properly ordered Romine to pay restitution to PaineWebber and Van Dyk. Accordingly, we will affirm the judgment of the District Court.